# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

STIMLABS LLC,

     Plaintiff,

v.

MERAKRIS THERAPEUTICS INC.,

     Defendant.

Civil Action No.: _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Merakris Therapeutics, Inc. ("Merakris" or "Defendant") hereby removes this action from the Superior Court of Fulton County, Georgia, where the action is now pending as Case No. 26CV002253 (the "State Court Action"), to the United States District Court for the Northern District of Georgia.  For the reasons set forth below, this Court has jurisdiction over this action under 28 U.S.C. §1332.

## I.    STATE COURT ACTION

1.    Plaintiff StimLabs LLC, a Georgia limited liability company ("StimLabs" or "Plaintiff"), instituted the State Court Action on February 12, 2026, by filing its Complaint (the "Complaint" or "Compl.") against Merakris in the Superior Court of Fulton County, Georgia.  Plaintiff's Complaint seeks, *inter alia*, (1) a finding that Merakris breached the parties' exclusive distribution agreement,

1

dated February 25, 2025 and amended by agreement on April 21, 2025, (the "Distribution Agreement" or the "Agreement"), (2) a declaratory judgment that the reimbursement rate change for Merakris's products determined by the Centers for Medicare and Medicaid Services constituted government action under Section 21 of the Distribution Agreement and StimLabs is not liable for performance obligations under the Agreement due to force majeure, (3) in the alternative to the other relief requested, a declaratory judgment that the Distribution Agreement was abandoned, (4) all damages allowed by law, and (5) an award of attorneys' fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11. Plaintiff's Complaint also alleges a cause of action for promissory estoppel.

## II.    TIMELINESS OF REMOVAL

2.    The Complaint was filed on February 12, 2026. Plaintiff sent Defendant a letter on February 17, 2026, attaching copies of the Complaint and Summons. Defendant was then served with the Complaint and Summons on March 12, 2026. Pursuant to 28 U.S.C. § 1446(b), this notice of removal is timely as it is being filed within 30 days of service of the Complaint on March 12, 2026.

## III.    GROUNDS FOR REMOVAL

3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of

interest and costs, and every defendant is now, and was at the time this action was commenced, diverse in citizenship from every plaintiff.  28 U.S.C. § 1332(a)(1).

### A. The Amount in Controversy Requirement Is Satisfied.

4. While Plaintiff does not allege a specific monetary valuation of its claims, it is evident on the face of the Complaint that Plaintiff is seeking to recover damages well in excess of $75,000, exclusive of interest and costs.

5. Among its claims, StimLabs seeks a declaratory judgment by the Court, pursuant to O.C.G.A. §§ 9-4-1 *et seq.*, "that to the extent that StimLabs' obligations under the Distribution Agreement had not already been excused by Merakris' conduct, StimLabs shall not be held responsible for any delay or failure in performance under the Distribution Agreement for the third and fourth quarters of 2025."  Compl. at ¶ 83.  Where a Plaintiff seeks equitable relief, "the amount in controversy is measured by the value of the object of the litigation from the point of view of the plaintiff." *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), *aff'd*, 35 F. App'x 858 (11th Cir. 2002).

6. Here, StimLabs seeks a declaration that it will not be held responsible for any delay or failure in performance for the third and fourth quarters of 2025 due to force majeure.  *See* Compl. at ¶ 83.  Although the total amount owed by StimLabs to Merakris for third and fourth quarter invoices exceeds $10 million, it is evident on the face of the Complaint that the mere penalties owed by Merakris for these

3

quarters alone meet the amount in controversy requirement. *See* Compl. at ¶ 42 (discussing Merakris's demand for approximately $815,000 in penalties for the third quarter); Compl. at ¶ 51 (discussing Merakris's demand for more than $3 million in penalties for the fourth quarter). Thus, the amount in controversy is easily satisfied.

**B.      The Parties Are of Diverse Citizenship.**

7.      Defendant Merakris is a Delaware corporation with its principal place of business in Research Triangle Park, North Carolina. *Id*. at ¶ 9. "…[C]orporations are citizens in the states of their incorporation and their principal place of business." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022, n. 1 (11th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)). Thus, Merakris is a citizen of Delaware and North Carolina.

8.      Plaintiff StimLabs is a Georgia limited liability company with its principal place of business in Roswell, Georgia. Compl. At ¶ 8. "…[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *See Rolling Greens MHP, L.P* at 1022.

9.      Upon information and belief, StimLabs does not have any member that is a citizen of Delaware or North Carolina.

10.     Accordingly, the parties are diverse for the purposes of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4

## IV.   VENUE

11.   Under 28 U.S.C. § 1441(a), this case is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division, as this is the district and division embracing the place where the State Court Action is pending.  *See* 28 U.S.C. § 90(a)(2).

## V.   REMOVAL PROCEDURES

12.   A copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of Fulton County, Georgia and served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

13.   In accordance with 28 U.S.C. § 1446(a), Defendant attaches a copy of all process, pleadings, and orders in the state court action, collectively as **Exhibit A.**

14.   By filing this Notice of Removal, Merakris does not waive any legal defenses or admit any allegations in Plaintiff's Complaint and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

15.   If any question arises as to the propriety of this removal, Merakris requests the opportunity to present written and oral argument in support of removal.

## VI.   PRAYER

WHEREFORE, Defendant Merakris prays that the State Court Action be removed to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

5

Respectfully submitted, this 17th day of March, 2026.

                **MCDERMOTT WILL & SCHULTE LLP**

                */s/ Shane Nichols*
                Shane Nichols
                Georgia Bar No. 542654
                shanenichols@mcdermottlaw.com

                Amy Bentsen
                Georgia Bar No. 587213
                abentsen@mcdermottlaw.com
                1180 Peachtree Street, NE
                Suite 3350
                Atlanta, GA 30309
                404.260.8575

                Julia Beskin
                *Pro Hac Vice* Application Forthcoming
                919 3rd Avenue
                New York, NY
                212.756.2218
                jbeskin@mcdermottlaw.com

                *Counsel for Defendant Merakris Therapeutics, Inc.*

## **RULE 7.1(D) CERTIFICATE**

Pursuant to Local Rules 5.1(B) and 7.1(D), the undersigned counsel certifies that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

This 17th day of March, 2026,

/s/ Shane Nichols
Shane Nichols
Georgia Bar No. 542654
shanenichols@mcdermottlaw.com
1180 Peachtree Street, NE
Suite 3350
Atlanta, GA 30309
404.260.8575

*Counsel for Defendant Merakris
Therapeutics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, March 17, 2026, filed electronically via CM/ECF a true copy of the foregoing Notice of Removal with the Clerk of the Court for the United States District Court for the Northern District of Georgia using the CM/ECF system.  I further certify that a true and correct copy of the foregoing Notice of Removal will be served by electronic mail to the following parties:

**GRIFFIN DURHAM TANNER & CLARKSON LLC**
J. Thomas Clarkson
Georgia State Bar No. 656069
Tclarkson@griffindurham.com
75 14th Street NE, Suite 2250
Atlanta, Georgia 30309
(404) 891-9152

**ROBINSON BRADSHAW & HINSON, P.A.**
Jonathan C. Krisko
N.C. State Bar No. 28625
Jkrisko@rbh.com

Steven G. Joseph
N.C. State Bar No. 59863
Sjoseph@rbh.com
600 South Tryon Street
Suite 2300
Charlotte, North Carolina 28202
(704) 377-8314

Kelley M. Storey
N.C. State Bar No. 56607
Kstorey@rbh.com
1450 Raleigh Road, Suite 100
Chapel Hill, North Carolina 27517
(919) 328-8825

*Counsel for Plaintiff StimLabs LLC*

This 17th day of March, 2026.

*/s/ Shane Nichols*
Shane Nichols
Georgia Bar No. 542654
shanenichols@mcdermottlaw.com
1180 Peachtree Street, NE
Suite 3350
Atlanta, GA 30309
404.260.8575

*Counsel for Defendant Merakris
Therapeutics, Inc.*

9