**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **STIMLABS LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action** |
| | ) | **No. 1:26-cv-01461-WMR** |
| **v.** | ) | |
| | ) | |
| **MERAKRIS THERAPEUTICS INC.,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**MEMORANDUM IN SUPPORT OF
CONSENT MOTION TO REMAND**

Plaintiff Stimlabs LLC ("StimLabs"), pursuant to 28 U.S.C. § 1447(c), requests that this Court remand this case to the Superior Court of Fulton County, Georgia. Defendant Merakris Therapeutics Inc. ("Merakris") consents to this motion.

Merakris asserted diversity jurisdiction as the basis for its removal of this action. This Court, however, lacks diversity jurisdiction because there is not complete diversity between StimLabs and Merakris. More specifically, the Eleventh Circuit has ruled that a limited liability company is a citizen of every state for which one of its members is a citizen. StimLabs is a limited liability company with two members who are citizens of North Carolina. A corporation is a citizen of the states where it is incorporated and where it has its principal place of business. Merakris is a Delaware corporation with a principal place of business in North Carolina. Because StimLabs and Merakris are both citizens of North Carolina, there is not complete diversity and this Court lacks jurisdiction.

## Background

StimLabs filed this action in the Superior Court of Fulton County, Georgia, on February 12, 2026, asserting claims under state law for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and declaratory relief arising from an exclusive distribution agreement between the parties. *See* Compl., ECF 1-1. There are only two parties to this action, Plaintiff StimLabs, a

Georgia limited liability company, and Defendant Merakris, a Delaware corporation with its principal place of business in North Carolina.  ECF 1 ¶¶ 7-8.

On March 17, 2026, Merakris removed the case to this Court, asserting diversity as the basis for this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  In its notice of removal, Merakris alleged "upon information and belief" that "StimLabs does not have any member that is a citizen of Delaware or North Carolina."  ECF 1 ¶ 9.  Since that filing, the parties have conferred, and StimLabs has informed Merakris that two StimLabs members are citizens of North Carolina and therefore StimLabs is a citizen of North Carolina for jurisdictional purposes.

Because there is no diversity jurisdiction and no other basis for federal jurisdiction, with Merakris' consent, StimLabs moved to remand this action.

## Argument

The Court should remand this matter because there is no diversity jurisdiction.

To establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), "every plaintiff must be diverse from every defendant."  *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).  A limited liability company is a citizen of every state of which one of its members is a citizen.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  A corporation is a citizen of the states where it is incorporated and where it has its principal place of business.  *Id.* at 1021 n.1 (citing 28 U.S.C. § 1332(c)(1)).

3

Here, the Plaintiff is not diverse in citizenship from the Defendant because they are both citizens of North Carolina.  Specifically, two of StimLabs' members are natural persons who are citizens of North Carolina, have been StimLabs members during all times relevant to determining citizenship, and are current members and current citizens of North Carolina.[1]  Exhibit A, Declaration of StimLabs CEO, John Daniel, ¶ 4.  Because these natural persons are StimLabs members and citizens of North Carolina, StimLabs is a citizen of North Carolina.

Merakris' principal place of business is North Carolina.  ECF 1 ¶ 7. Therefore, it is also a citizen of North Carolina.  Because the Plaintiff and the Defendant are both citizens of the same state, this Court lacks diversity jurisdiction. There is no other basis for federal jurisdiction.  Accordingly, this case should be remanded to state court.

## Conclusion

StimLabs respectfully requests that this Court remand this matter to the Superior Court of Fulton County, Georgia.

---

[1] Because these members' citizenship establishes that StimLabs is a citizen of North Carolina and therefore destroys complete diversity, the citizenship of other StimLabs members is not relevant to this Motion.

Dated: April 9, 2026

Respectfully submitted,

**GRIFFIN DURHAM TANNER & CLARKSON LLC**

/s/ J. Thomas Clarkson
J. Thomas Clarkson
Georgia State Bar No. 656069
75 14th Street NE, Suite 2250
Atlanta, Georgia 30309
Telephone:  404.891.9152

**Admitted *Pro Hac Vice*:**

**ROBINSON, BRADSHAW & HINSON, P.A.**

/s/ Jonathan C. Krisko
Jonathan C. Krisko
N.C. State Bar No. 28625
Steven G. Joseph
N.C. State Bar No. 59863
600 South Tryon Street, Suite 2300
Charlotte, North Carolina 28202
jkrisko@rbh.com
sjoseph@rbh.com
Telephone:  704.377.2536

Kelley M. Storey
N.C. State Bar No. 56607
1450 Raleigh Road, Suite 100
Chapel Hill, North Carolina 27517
kstorey@rbh.com
Telephone:  919.328.8825

*Attorneys for Plaintiff Stimlabs, LLC*

5

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 5.1(C) and 7.1(D), the undersigned counsel certifies

that the foregoing filing complies with the applicable font and size requirements and

is formatted in Times New Roman, 14-point font.

This 9th day of April, 2026.

<u>s/ J. Thomas Clarkson</u>
J. Thomas Clarkson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day the foregoing was electronically filed using the Court's filing system which will automatically notify counsel of record as follows:

Alan S. Nichols
shanenichols@mwe.com

Amy B. Boring
abentsen@mcdermottlaw.com

Julia Beskin
emelluzzo@mcdermottlaw.com

*Attorneys for Defendant*

This 9th day of April, 2026.

s/ J. Thomas Clarkson
J. Thomas Clarkson